## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

ROGERS V. ATKINS                    CIVIL ACTION NO. 3:17-CV-1514

VS.                                 SECTION P

                                    JUDGE TERRY A. DOUGHTY

DISTRICT ATTORNEY                   MAGISTRATE JUDGE KAREN L. HAYES
MOREHOUSE PARISH, ET AL.


## REPORT AND RECOMMENDATION

*Pro se* plaintiff Rogers V. Atkins, proceeding *in forma pauperis*, filed the instant civil rights

complaint on November 16, 2017.  He names as defendants District Attorney Morehouse Parish,

Eddie H. Delamar, Lori Lainy, Gracie Pittman Drummond, R.W. Kostelka, Sheriffs Office

Morehouse Parish, Lori Laing, Allen Harvey and Parish of Morehouse. This matter has been referred

to the undersigned for review, report, and recommendation in accordance with the provisions of 28

U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that

the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for

which relief may be granted.

### *Statement of the Case*

The plaintiff asks this Court to declare that the fraudulent "acts and omissions" by the

defendants, which occurred during his criminal proceedings in Morehouse Parish in the 1980s,

violated his constitutional rights.[1]  He was indicted on March 9, 1982, and prosecuted on May 17,

---

[1]Plaintiff's original complaint sought compensatory and punitive damages.  However, his
most recent amended complaint, filed February 28, 2018, stated that he wished to "withdraw all
compensatory damages, and punitive damages" and seek only declaratory and injunctive relief.
[Rec. Doc. 7, p. 2]

1983 on one count of first degree murder.

### Law and Analysis

#### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v.* Iqbal,556 U.S.662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff

2

'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## 2.  Prescription

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need  not realize that a legal cause of action exists but only that the facts support a claim. *See*, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983). The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d

1129 (5th Cir. 1980).

Plaintiff's complaint establishes that he first had knowledge of the defendants' alleged unconstitutional acts when he was indicted in 1982, or at least in May 1983, when he was prosecuted. Plaintiff therefore had 1-year, or until May 1984, at the latest, to file his civil rights complaint claiming that defendants deprived him of his constitutional rights. Plaintiff's complaint was filed on November 16, 2017, nearly 35 years beyond the expiration of the 1-year period of limitations and therefore the complaint is subject to dismissal as barred by the statute of limitations.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

**IT IS FURTHER RECOMMENDED** that plaintiff's Motion to Appoint Counsel [Rec. Doc. 3] be **DISMISSED** as **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions**

accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, March 21, 2018.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

5